HHW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 4 2008
JUDGE WILLIAM J. HIBBLER
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 60 |
| vs. ) | Judge Hibbler |
| ) | |
| JOHN E. PASCENTE ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant JOHN E. PASCENTE, and his attorney, WAYNE BRUCAR, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The information in this case charges defendant with willfully failing to make the required income tax return to the District Director of the Internal Revenue Service, in violation of Title 26, United States Code, Section 7203 (Counts 1-2).

3. Defendant has read the charges against him contained in the information, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charges to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts 1 and 2 of the information. The information in this case charges the defendant

with willfully failing to make the required income tax return to the District Director of the Internal Revenue Service, in violation of Title 26, United States Code, Section 7203 (Counts 1-2).

## Factual Basis

6.  Defendant will plead guilty because he is in fact guilty of the charges contained in Counts 1 and 2 of the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

   a.  With respect to Count 1 of the information:

Defendant admits that during calendar year 2003, he was a resident of Chicago, Illinois, and that he had and received a gross income of approximately $111,341 from his operation and ownership of a trucking business, Cherub Trucking. Defendant further admits that he was required by law, following the close of the calendar year 2003 and on or before April 15, 2004, to make an income tax return to the District Director of Internal Revenue for the Internal Revenue District of Chicago, at Chicago or to the Director, Internal Revenue Service Center, Midwest Region, Kansas City, Missouri, stating specifically the items of his gross income and any deductions and credits to which he was entitled.

Defendant further admits that despite his knowledge of the foregoing requirements of the law, he knowingly and willfully failed to make the required income tax return for calender year 2003 on or before April 15, 2004, to the District Director of Internal Revenue or to the Director of the Internal Revenue Service Center stating his gross income of

2

approximately $111,341 and any deductions and credits to which was entitled, in violation of Title 26, United States Code, Section 7203.

      b.      With respect to Count 2 of the information:

Defendant admits that during calendar year 2004, he was a resident of Chicago, Illinois, and that he had and received a gross income of approximately $153,873 from his operation and ownership of a trucking business, Cherub Trucking. Defendant further admits that he was required by law, following the close of the calendar year 2004 and on or before April 15, 2005, to make an income tax return to the District Director of Internal Revenue for the Internal Revenue District of Chicago, at Chicago or to the Director, Internal Revenue Service Center, Midwest Region, Kansas City, Missouri, stating specifically the items of his gross income and any deductions and credits to which he was entitled.

Defendant further admits that despite his knowledge of the foregoing requirements of the law, he knowingly and willfully failed to make the required income tax return for calender year 2004 on or before April 15, 2005, to the District Director of Internal Revenue or to the Director of the Internal Revenue Service Center stating his gross income of approximately $153,873 and any deductions and credits to which was entitled, in violation of Title 26, United States Code, Section 7203.

## Maximum Statutory Penalties

7.      Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

        a.      Count 1 carries a maximum sentence of 12 months imprisonment. Count 1 also carries a maximum fine of $25,000. Defendant further understands that the Court must order costs of prosecution. Defendant further understands that with respect to Count 1 the judge also may impose a term of supervised release of not more than one year.

        b.      Count 2 carries a maximum sentence of 12 months imprisonment. Count 2 also carries a maximum fine of $25,000. Defendant further understands that the Court must order costs of prosecution. Defendant further understands that with respect to Count 2, the judge also may impose a term of supervised release of not more than one year.

        c.      In accord with Title 18, United States Code, Section 3013, defendant will be assessed $25 on each count to which he has pled guilty, in addition to any other penalty imposed.

        d.      Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 24 months imprisonment. In addition, defendant is subject to a total maximum fine of $50,000, mandatory costs of prosecution estimated to be $500, a period of supervised release, and special assessments totaling $50.

## Sentencing Guidelines Calculations

8.      Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

    a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

    b. **Offense Level Calculations.**

        i. The base offense level for the charges in Count 1 and Count 2 of the information is 14 because the tax loss is equal to $43,219, which pursuant to Guideline §2T1.1(a)(1) and Guideline § 2T4.1(D) that level is greater than $30,000 but less than $80,000.

        ii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

    c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the

government, defendant's criminal history points equal zero and defendant's criminal history category is I.

     d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 12, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 10 to 16 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

     e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature and based on facts known to the parties as of the time of this Plea Agreement. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

     f. Both parties expressly acknowledge that while none of the Guideline calculations set forth above are binding on the Court or the Probation Office, certain components of those calculations – specifically, those set forth above in subparagraphs i-iii of this paragraph – are binding on the parties, and it shall be a breach of this Plea Agreement

for either party to present or advocate a position inconsistent with the agreed calculations set forth in the identified subparagraphs.

        g.     Defendant understands that with the exception of the Guideline provisions identified above as binding on the parties, the Guideline calculations set forth above are non-binding predictions, upon which neither party is entitled to rely, and are not governed by Fed.R.Crim.P. 11(c)(1)(B). Errors in applying or interpreting any of the Sentencing Guidelines (other than those identified above as binding) may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

10.    The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

11.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the

sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. Defendant agrees to pay the special assessment of $50 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

**Presentence Investigation Report/Post-Sentence Supervision**

13. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

14. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

8

15. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

16. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 60.

17. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District

of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

18. Defendant understands that nothing in this Plea Agreement shall limit the Internal Revenue Service (IRS) in its collection of any taxes, interest or penalties from defendant. Defendant understands that the amount of tax as calculated by the IRS may exceed the amount of tax due as calculated for the criminal tax case.

### Waiver of Rights

19. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a.    **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i.    The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where

actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

   iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the information separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

   iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

   v. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

   vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could

11

require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

        vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    b.    **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

    c.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Other Terms

20.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

21.    Defendant agrees to cooperate with the IRS in any tax examination or audit of defendant which directly or indirectly relates to or arises out of the course of conduct which defendant has acknowledged in this Plea Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records which the IRS may request. Nothing in this paragraph precludes defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

## Conclusion

22.    Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

23.    Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the

Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

24. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

25. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

26. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: March 4, 2008

_____
PATRICK J. FITZGERALD
United States Attorney

_____
JOHN E. PASCENTE
Defendant

_____
DANIEL E. MAY
Assistant U.S. Attorney

_____
WAYNE BRUCAR
Attorney for Defendant