

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 60 |
| vs. | ) | Judge Hibbler |
| | ) | |
| JOHN E. PASCENTE | ) | |

SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD DEPARTURE

Prepared for:   The Honorable William J. Hibbler
               United States District Court Judge
               Everett McKinley Dirksen United States Courthouse
               219 South Dearborn Street
               Chicago, IL 60604

Copy to:       Daniel E. May
               Everett McKinley Dirksen United States Courthouse
               219 South Dearborn Street
               Chicago, IL 60604

Prepared by:   Wayne E. Brucar & Yetter, P.C.
               Brucar & Yetter
               500 Roosevelt Road
               Suite 330
               Glen Ellyn, Illinois 60137

   The Defendant, John Pascente, appears before this court at the age of 44 with only a charge of driving under the influence as his past criminal history. On March 4, 2008, he appeared before this Honorable Court and entered a plea of guilty to two counts of Willful Failure to File Tax Returns. His total offense level has been determined to be 12 with a criminal history category of I. The guideline range for imprisonment is 10 to 16 months. Mr. Pascente respectfully requests a downward departure to a probationable level.

   The specific offense characteristic involved here is an omission, albeit a serious one. He has previously accepted responsibility by his plea and is showing significant efforts at rehabilitation. At the helm of a faltering business, Mr. Pascente was in denial as to his financial difficulties. His failure to file his taxes was part of a previous misconception as to how to deal with his situation. He has begun an overhaul of his professional life and is anxious to lead a life where he can make restitution to the government and be a fiscally responsible individual.

Mr. Pascente's Presentence Investigation Report indicated an unwillingness to provide details of his offense. This, however, is a miscommunication between Mr. Pascente and his interviewer, not a reluctance to provide information. Attached is a letter written by Mr. Pascente which addresses his crime and his rehabilitation. Also attached are letters from family, friends and business associates attesting to Mr. Pascente's character and his willingness to make amends for his past conduct.

A jail sentence would be a devastating blow to Mr. Pascente's ability to restart his life and significantly impair his ability to make restitution to the government. In light of the nature of his crime and his potential for rehabilitation, it is respectfully requested that he be given a downward departure to a level which allows him probation.

Respectfully submitted,

Wayne B. Boucar

To the Honorable William J. Hibbler:

My name is John E. Pascente and I have pled guilty before your Honor for not filing my tax returns for the years 2003 and 2004. I want to state unequivocally that I was wrong and will take full responsibility for my actions and will serve any penalty that the Court determines is necessary.

I have begun the process of rectifying my wrongs. I have closed my business, taken employment, and been working with accountants, lawyers and a counselor for learning to cope with my failure. I have learned to face my financial destruction which began this nightmare. I know now that instead of admitting to myself and others that my business was failing, I chose to ignore anything that would bring me to that realization; including, keeping records, preparing for taxes and paying my taxes. I began putting it together for my accountant little by little, but I should have put more effort into it and for that I am truly sorry.

I have read my pre-sentence investigation report and I want to clarify some misstatements and misconceptions. Throughout the report, it states that on advice of counsel, the defendant declined to provide any further details during the pre-sentence interview. (See lines #63-64, and #92-93) When the interview began, the probation officer asked me if my lawyer advise me not to answer any questions regarding the charges. My response was that my lawyer did not and I would answer any questions that were asked. Regarding the offense, I admitted that I did not file my tax returns for 2003 and 2004. We even discussed that it was a misdemeanor not a felony. However, nothing else was asked about the offense. Regarding the acceptance of responsibility, I did admit to pleading guilty and never denied my wrong doing and again nothing else was asked. I want the Court to know I did not evade answering any questions.

Finally, I want the Court to know since this is not in the investigation report that I have worked since I was 16 years old from being a bus boy to pumping gas. I have earned every dime that I have ever made and have always paid my bills. I am working very hard now and already beginning to see some light at the end of the tunnel. If I continue to work I will be able to pay my taxes. I hope the Court allows me to do so.

Apologetically,

*[signature]*

John E. Pascente

**KATHLEEN M. GRIFFIN**
**ATTORNEY AT LAW**

2725 N. Thatcher, Suite 500
River Grove, Illinois 60171

Phone 708-865-1222
Fax 708-865-1252
Email kathy23esq@sbcglobal.net

April 30, 2008

To Whom It May Concern:

I have known John E. Pascente for 22 years and lived with him for 15 years. I can tell you that he is a kind and caring person who has always been one to do the right thing. Amongst his family and mine he has always been the one to go to for any type of support, moral and financial. I think that why it has been so hard on him to come to grips with his financial disaster which caused him to make this poor decision in not filing his taxes.

I have seen a change in the last 5 months with him admitting he needs to work extremely hard to rectify this and get his taxes paid. He now works 12 hour days, 5-6 days a week with the intent of paying these debts. He has already begun putting so much a side every week towards his taxes. He no longer seems defeated and overwhelmed, but has the attitude that he will do whatever he has to, to make it right. In the whole time that I have known him if he says he is going to do something, he does. He has expressed extreme remorse over this situation but I feel that is what is motivating to rectify the wrong he has done.

Now that John has admitted to his family and friends of his financial and legal situation, they have all rallied behind him. They have supported him because they know this is so unlike him, he has always been a worker and never had any type of criminal thought. They have seen him make life altering changes due to a major leg injury in 2000 which left him unable to climb ladders and walk beams for he is a carpenter by trade. Instead, of giving up he just learned a new trade and began driving trucks which led to his own trucking company. I have seen him endure great physical pain due to 3 majors surgeries on his leg; including skin grafting and now diabetes, but the mental anguish he is experiencing due to his poor judgment in not filing taxes has been far more painful for him since it effects all of us.

I hope that the Court take into consideration that John can do so much more to rectify this situation if allowed to continue working so he can begin to pay his taxes.

Very truly yours,

KATHLEEN M. GRIFFIN

To Whom It May Concern:

My name is Fran Cosentino; I am an elderly gentleman in my 70's. I have been friends with John Pascente for 10 years and he has been very good to me.

I have had many medical problems and several heart surgeries. John has always been there with me. He has showed great concern for my well being. He made sure I had food, medicine and anything else I would need.

John has introduced me to his family; including, his mom and dad, he has a wonderful family. I lost my wife and son to cancer, and John and his family adopted me.

I feel deeply sorry for the mistake John has made and I know John is just as remorseful. I hope you will be lenient with your decision.

Thank you kindly for reading this.


Very truly yours,

*Fran Cosentino* (signature)

Fran Cosentino

To Whom It May Concern:

I have known John Pascente for the last 15 years, as a friend, neighbor and employer.

During that time I worked for John for 2 years. I had just lost my company. I had no job, no money, and no health insurance. It was the lowest point in my life. John offered me a job with health insurance, but most of all hope for the future. His dedication to the company was exemplary, working no less than 12 hours a day, arriving at 6:00 a.m. and not leaving before 6:00 p.m. John is focused, driven and most of all a fair man. The same treatment that was given to me as his friend was given to all the employees. Everyone was treated with the utmost respect no matter what their position.

He has many friends and never fails to make each one feel cared about. I have witnessed his generosity over and over to his friends and family alike.

To sum up John Pascente, he is the one that you would call in the middle of the night if you had a flat tire. If asked why the answer is simple, because he would come.

Very truly yours,

Barbara Mahoney

One Bloomingdale Place, #806

Bloomingdale, IL  60108

4-27-08

To whom it may concern,

This letter is in regard to my dear friend, John Pascente, who I have known for over eighteen years.

During the course of our friendship, I have only known John to be kind, generous and willing to help me whenever he was in need.

I have always found his integrity to be above reproach.

I have personally experienced his generousity and concern when I was in need of temporary housing. John opened his home to me.

I have never known John to be anything other than a good man.

Sincerely yours

Carol DiMatteo

April 30, 2008

To whom it may concern:

I am writing this letter on the behalf of my friend and employee, John Pascente respect to his employment with my business and his character as a person outside my employment.

John Pascente has been my personal friend for more than 20 years and now he has been recently became an employee my transportation business. John is a valued employee and a great friend myself and my family. Over the years whenever I needed John's help he would be there without question no matter what the request was asked of him. We have laughed, cried, and we disagreed too, but John always had his heart in the right place. I think that I can honestly give you an accurate reference as to the degree of his character and that whatever his current situation dictates, I can say one thing, and incarceration would not be in anyone's best interests.

John is a respectful, decent man who would not go out of his way hurt anyone and given the chance he will prove that to your court. I would be willing to stake my reputation on it, and if not I would not even consider putting my name on the line by writing this letter to you.

As far as John's employment, I called John about helping me obtain some business from a potential customer that I wanted to land and John met me for lunch and I knew something was not right so I asked him what was wrong and he told me of his legal and financial situation so I asked him if he needed help? John would not take my help at first because he is too proud but I told him about the times that when I and my family needed help that he was there for us and I think that it were time to return the favor. John agreed and took a position of lead dispatcher with my trucking business. Believe me; it benefited me as much as it benefited him. John came in and brought experience and professionalism to my operation. John works 12 hours a day 5 to 6 days a week and John is a committed and valued employee (asset) to my business and I can say that I do not want to loose him because of his current situation.

In closing, if there is anything that I can do to assist with you or the court with John's situation by keeping John out of prison and on probation please feel free to contact me at anytime. I mistake has been made, and we all know that but John is not a career criminal and I think that a second chance is completely warranted in this situation.

Respectfully,

James A Apa
President
FORE TRANSPORTATION, INC.